**HLD-161 (July 2010)**                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3101
_____

IN RE:   DERRICK LAKEITH BROWN,
                                                                Petitioner
_____

On Petition for a Writ of Mandamus from the
United States District Court for the
Middle District of Pennsylvania
(Related to M. D. Pa. Civ. No. 10-cv-00293)
_____

Submitted Under Rule 21, Fed. R. App. P.
July 30, 2010
Before:   MCKEE, Chief Judge, SCIRICA AND WEIS, CIRCUIT JUDGES

(Opinion Filed October 7, 2010)

_____

OPINION
_____

PER CURIAM.

          Derrick Brown has filed a mandamus petition pursuant to 28 U.S.C. § 1651,

wherein he apparently seeks to compel the District Court for the Middle District of

Pennsylvania to order service of process on his complaint and to issue a show cause order

on his request for injunctive relief.   Finding no basis for granting mandamus relief, we

1

will deny the petition.

Brown filed a complaint on February 9, 2010, against more than thirty-five defendants pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).  His complaint was accompanied by a motion for leave to proceed in forma pauperis and followed by several requests for injunctive relief.  In an order entered on April 21, 2010, the District Court granted Brown in forma pauperis status and directed the United States Marshal's Service to serve the complaint on the named defendants.  From a review of the District Court docket and a motion by the United States for an extension of time to respond to Brown's complaint, it appears that – in accordance with the District Court's order – the Clerk issued summons on April 21, 2010 and the Marshal's Service served the individual defendants and the United States Attorney's Office a few weeks later.  The District Court recently granted the extension motion and defendants' response to Brown's complaint is due to be filed on or before August 9, 2010.  It is thus obvious that Brown's petition for writ of mandamus is moot to the extent he seeks to compel the District Court to order service of process.

We further conclude that mandamus relief is not warranted with respect to Brown's pending requests for injunctive relief.  The writ of mandamus is an extraordinary remedy.  To justify the Court's use of this remedy, a petitioner must demonstrate that he has a clear and indisputable right to issuance of the writ.  Kerr v. United States District Court, 426 U.S. 394, 403 (1976); DeMasi v. Weiss, 669 F.2d 114,

2

117 (3d Cir. 1982). Although an appellate court may issue a writ of mandamus on the ground that undue delay is tantamount to a failure to exercise jurisdiction, Madden v. Myers, 102 F.3d 74, 79 (3rd Cir. 1996), the manner in which a court controls its docket is discretionary. In re Fine Paper Antitrust Litigation, 685 F.2d 810, 817 (3d Cir. 1982), cert. denied, 459 U.S. 1156 (1983). As noted, the District Court has proceeded appropriately in the underlying civil action. We are confident that it will continue to do so as it entertains the parties' submissions, including those seeking injunctive relief filed by Brown. There is simply no indication that the District Court has failed to exercise its jurisdiction by permitting "undue delay."

For the foregoing reasons, the petition for a writ of mandamus will be denied.